IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADERSON ACEVEDO GONZALEZ,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-0389 |
| | : | |
| **TIFFANY STANFORD-ADAMS,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**COSTELLO, J.**                                                                                                        MARCH  3 , 2025

Currently before the Court are a Complaint filed by Plaintiff Aderson Acevedo Gonzalez and Gonzalez's Motion to Proceed *In Forma Pauperis*.  (ECF Nos. 2, 5.)  For the following reasons, the Court will grant Gonzalez leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to him filing an amended complaint.

I.      **FACTUAL ALLEGATIONS**[1]

Gonzalez used the Court's form complaint available for self-represented litigants filing employment discrimination claims to prepare his Complaint.  He names the Logan Hotel and Tiffany Stanford-Adams,[2] the hotel's Human Resources Director, as Defendants.  (Compl. at 1, 2.)  By filling in certain locations on the form complaint, Gonzalez indicated his intention to bring claims pursuant to Title VII of the Civil Rights Act and the Fair Labor Standards Act based

---

[1] The following allegations are taken from the Complaint and documents attached to the Complaint.  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[2] At times, this individual is identified as Tiffany Standford-Adams.  It is unclear which spelling is correct.

on his termination from employment with the Logan Hotel, retaliation, and "pretex[t], [misleading] events and false allegations." (*Id.* at 3-4.)

Gonzalez's factual allegations in support of these claims are unclear. He alleges that on December 8, 2023, he reported an "incident" to his supervisor, but that "they stage[d] the incident" against Gonzalez and attempted to write him up for stealing. (*Id.* at 5.) Subsequently, on January 25, 2024, Gonzalez had to leave work early "due to a family emergency." (*Id.*) He later returned to work to return his radio and pass but did not clock out at that time because he knew he had left earlier. (*Id.*) On January 30, 2024, Gonzalez was called to the Human Resources office and was accused of falsifying the time he clocked out. (*Id.*) Gonzalez alleges that he was being "frame[d]," attempted to explain the situation, and asked to see video evidence, which was not provided. (*Id.*) Gonzalez had "another incident with [the] same guy" on February 3, 2024. (*Id.*) He emailed Human Resources about the incident on February 11, 2024, and was terminated on February 15, 2024. (*Id.*) He ambiguously alleges that the "HR director was same HR director of job I complaint eeoc." (*Id.*)

Following his termination, Gonzalez filed a charge of discrimination with the Pennsylvania Human Rights Commission ("PHRC") on March 12, 2024, and with the Equal Employment Opportunity Commission ("EEOC") on December 18, 2024. (*Id.*) He attached to the Complaint his PHRC intake questionnaire in which he included a factual recitation similar to that in his Complaint, except for an allegation that he had forgotten to clock out when he left early, was "push[ed]" to guess the time, and that the estimated time was then used against him. (*Id*. at 7-8.) He also attached his EEOC charge as an exhibit to the Complaint. (*Id.* at 14-15.) In his EEOC charge, Gonzalez claimed that he was discriminated against based on his national origin and sex and was retaliated against. (*Id.* at 14.) The basis for his assertion of retaliation

2

appears to be the contention in his charge that Defendant Stanford-Adams previously worked as the Human Resources Director for the Four Seasons Hotel prior to serving as the Human Resources Director for the Logan Hotel, and that "[t]his matter is in relation to [a] charge" Gonzalez previously filed against the Four Seasons.[3]  (*Id.*)  Gonzalez received a notice of right to sue letter from the EEOC on December 23, 2024, which informed him that the EEOC was closing his charge because it "was not filed within the time limits under the law."[4]  (*Id.* at 10).

---

[3] The Court takes judicial notice of the fact that Gonzalez previously pursued an employment discrimination case against the Four Seasons Hotel, which recently settled. *Gonzalez v. Four Seasons Hotel, Ltd.*, Civ. A. No. 24-6026 (E.D. Pa.).

[4] "To bring suit under Title VII, a claimant in a deferral state, such as Pennsylvania, must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice." *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (citing 42 U.S.C. § 2000e-5(e)(1)).  A plaintiff who fails to bring a charge within that 300-day time-period has failed to exhaust administrative remedies as required by Title VII and is therefore barred from bringing an action in federal court.  *See Valentin v. Manpower Grp. Sols.*, 792 F. App'x 208, 210 (3d Cir. 2019) (*per curiam*) ("Title VII requires a claimant in Pennsylvania to file a charge with the EEOC within 300 days of an unlawful employment practice.  Absent the filing of such a charge, a claim for relief under federal law may not proceed." (citations omitted)); *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) ("Watson's attempt to obtain relief under federal law from Kodak's alleged employment discrimination on the basis of race and age may proceed only if he filed his administrative charge of discrimination within 300 days of the unlawful employment actions he challenges."). However, "[b]ecause the time limitations set forth in Title VII are not jurisdictional, they may be modified by equitable concerns, such as tolling." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005), *abrogated on other grounds by Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018) (*en banc*); *see also King v. Mansfield Univ. of Pennsylvania*, 645 F. App'x 131, 132 (3d Cir. 2016) ("The Supreme Court and this Court have held that the statute of limitations in Title VII is not jurisdictional and, as is the case in many federal statutes, the time limits are subject to equitable tolling.")

In his EEOC charge, Gonzalez states that his termination occurred on February 15, 2023, (Compl. at 14), whereas his Complaint states that the termination occurred on February 15, 2024, (*id.* at 4).  Even using the later date, Gonzalez's charge was filed too late using the December 18, 2024 date listed in his Complaint, (*id.* at 5), because he was obligated to file with the EEOC by December 11, 2024.  However, on his intake questionnaire for the PHRC dated March 12, 2024, Gonzalez indicated his desire to have his case dual-filed with the EEOC pursuant to the agencies' work-sharing agreement.  (*Id.* at 8.); *see generally Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997) ("[T]he PHRC and the EEOC have entered into an agreement through which they have apportioned initial jurisdiction over discrimination complaints in order to avoid unnecessary duplication of investigatory time and effort."). "Courts in this Circuit

3

## II.     STANDARD OF REVIEW

Because Gonzalez appears to be unable to pay the fees to commence this civil action, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

interpreting the worksharing arrangement have held that where a plaintiff timely files a complaint with one agency, either the EEOC or the PHRC, coupled with a request for dual filing, then the complaint is deemed filed with both agencies as of that date." *Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh*, No. 09-1548, 2010 WL 4668469, at *5 (W.D. Pa. Nov. 9, 2010); *see also Munoz v. Armstrong Flooring, Inc.*, No. 18-1209, 2019 WL 2357759, at *9 (E.D. Pa. June 4, 2019) ("The requirements of both agencies, however, would be satisfied where the complainant instructs that agency to dual file with the other."); *Evans v. Gordon Food Servs.*, No. 14-01242, 2015 WL 4566817, at *3 (M.D. Pa. July 29, 2015) ("[A] claimant who files a charge of discrimination with one agency and instructs that agency to dual file with the other generally satisfies the requirements of both agencies."). Because the Complaint and exhibits are unclear as to whether Gonzalez's claims are timely, the Court will not further address this issue on screening. *See Wiggins v. Albert Einstein Med. Ctr.*, No. 20-3129, 2022 WL 1197015, at *2 (3d Cir. Apr. 22, 2022) (*per curiam*) ("[T]he timeliness of Wiggins's Title VII claim cannot be resolved on the face of his amended complaint, and we will vacate the dismissal of this claim for this reason.").

*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.)  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  "[T]he plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted).  To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted).

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  This requires the Court to remain flexible, especially considering a litigant's *pro se* status.  *Id.*  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245).  Additionally, an unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.*

### III.   DISCUSSION

#### A.  Title VII

Gonzalez has not alleged a plausible basis for a Title VII claim.  Title VII "proscribe[s] discrimination in employment based on several personal characteristics" including national

5

origin and sex. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing, *inter alia*, 42 U.S.C. § 2000e-2(a)). To state a claim for employment discrimination under Title VII, a plaintiff must allege sufficient facts to raise a reasonable expectation that his membership in a protected class was "either a motivating or determinative factor" in his employer's adverse employment action against him. *Connelly*, 809 F.3d at 789. Title VII only provides liability for employers, meaning individual employees such as Tiffany Stanford-Adams may not be sued under Title VII. *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir. 1996) ("[W]e are persuaded that Congress did not intend to hold individual employees liable under Title VII.").

Gonzalez's Complaint is sparse on facts. He does not state the job that he held at the Logan Hotel, and he does not provide any facts about what occurred during the "incidents" that give rise to his claims. He also has not tied his treatment at work, including his termination, to his national origin, sex, or any other protected class, as is necessary to state an employment discrimination claim under Title VII. *See, e.g.*, *Favors v. Sec'y United States Dep't of Veterans Affs.*, 695 F. App'x 42, 44 (3d Cir. 2017) (*per curiam*) (affirming dismissal of Title VII race discrimination claim where plaintiff "included no allegations whatsoever linking his termination to his race"); *Alja-Iz v. U.S. Virgin Islands Dep't of Educ.*, 626 F. App'x 44, 47 (3d Cir. 2015) (*per curiam*) (concluding that plaintiff's allegations "that he applied, that he was qualified, that he received 'negative' email responses, and that he was told he would not be hired" were insufficient to state a race or age discrimination claim); *Culler v. Sec'y of U.S. Veterans Affs.*, 507 F. App'x 249, 250 (3d Cir. 2012) (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2012)); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per*

6

*curiam*) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to").

Title VII also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *See* 42 U.S.C. § 2000e-3; *Allstate Ins. Co.*, 778 F.3d at 449. A plaintiff states a retaliation claim if he "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) [he] engaged in conduct protected by [the statute]; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and the employer's adverse action." *Connelly*, 809 F.3d at 789; *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). Gonzalez has also failed to state a retaliation claim because, similar to his discrimination claim, he has not tied his treatment at work, including his termination, to impermissible retaliation. He does not provide any details about any charge or complaint of discrimination that he made against either the Logan Hotel or the Four Seasons (assuming this is the basis for his retaliation claim against the Logan Hotel) and also fails to explain what facts support an inference that his termination was driven by a motive to retaliate against him for having complained of discrimination. Accordingly, Gonzalez has failed to state a retaliation claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

### B. Fair Labor Standards Act

Gonzalez has also failed to state a claim under the Fair Labor Standards Act. "The Fair Labor Standards Act of 1938 ("FLSA") sets forth employment rules concerning minimum wages, maximum hours, and overtime pay." *Kovach v. Turner Dairy Farms, Inc.*, 929 F. Supp. 2d 477, 499 (W.D. Pa. 2013). Gonzalez does not allege facts concerning wages, hours or overtime and appears to bring a claim pursuant to the FLSA's anti-retaliation provision, which "prohibits discrimination against an employee because the employee has engaged in protected activity." *Uronis v. Cabot Oil & Gas Corp.*, 49 F.4th 263, 266 (3d Cir. 2022). "An employee engages in protected activity when an employee has 'filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA].'" *Jones v. Amerihealth Caritas*, 95 F. Supp. 3d 807, 814 (E.D. Pa. 2015) (quoting 29 U.S.C. § 215(a)(3)) (alteration in original). As with retaliation under Title VII, retaliation under the FLSA is alleged by pleading "that '(1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal link between the plaintiff's protected action and employer's adverse action.'" *Id.* (quoting *Scholly v. JMK Plastering, Inc.*, No. 07-4998, 2008 WL 2579729 at *3 (E.D. Pa. June 25, 2008)).

Gonzalez has not stated a retaliation claim under the FLSA. Nothing in his Complaint suggests that, at any point, he complained of conduct prohibited by the FLSA or that he otherwise engaged in protected activity within the meaning of the statute. *See Kovach*, 929 F. Supp. 2d at 499 ("Plaintiff does not articulate any sort of time frame or specify the substance of these complaints, does not set forth sufficient facts to allege that they complained about conduct violative of the FLSA, all of which precludes establishing a reasonable inference that they were timely made, provided sufficient fair notice, or even that they could be fairly claimed to be

regarding an FLSA violation."). Gonzalez has also failed to allege facts linking any complaints he made (regardless of their substance) to his termination or any other workplace conduct of which he complains. Accordingly, Gonzalez has also failed to state a FLSA claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Gonzalez leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Gonzalez will be given an opportunity to file an amended complaint in the event he can articulate additional facts in support of his claims, except that his Title VII claim against Defendant Stanford-Adams will be dismissed with prejudice because she may not be sued under that statute. An appropriate order follows, which contains additional instructions as to amendment.

**BY THE COURT:**

**MARY KAY COSTELLO, J.**